GARY S. HANN, pro se
Plaintiff
yragnnah@gmail.com
P.O. Box 711
Cathedral City, CA 92235-0711
734-480-4140



**FILED**
CLERK, U.S. DISTRICT COURT

04/13/2020

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ AP _____ DEPUTY

FEE PAID

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE/EASTERN DIVISION

_____

GARY S. HANN,

      PLAINTIFF,

      VS.

Karl T. Anderson in his capacity as Chapter 7 Trustee for the Bankruptcy Estate of Gary S. Hann and as an individual, The United States Trustee in its official capacity and as an individual, Collis & Griffor PC, Stuart M Collis esq., Shulman Hodges & Bastian LLP, Melissa Davis Lowe esq., Leonard M. Shulman esq., Kevin T. Anderson CPA,

      Defendants.
_____

Case No. 5:20-cv-00756-CJC(SP)

JUDGE: _____

MAGISTRATE JUDGE:_____

COMPLAINT FOR HARMS SUFFERED FROM BLANTANTLY UNLAWFUL AND MALFEASANT BANKRUPTCY CASE REOPENING AND PROSECUTION, INTER ALIA, IN OVERT VIOLATION OF PLAINTIFF HANN'S CIVIL RIGHTS UNDER THE 4TH, 5TH AND 14TH AMENDMENTS, AND UNDER CALIFORNIA'S CONSTITUTION.

(STATUS CONFERENCE AND/OR HEARING DATE TO BE SET BY SUMMONS)

1

JURY TRIAL DEMANDED

TO THE HONORABLE _____, UNITED STATES DISTRICT JUDGE, AND ALL INTERESTED PARTIES:

Now comes 100% Disabled Retiree and Former Debtor, now Plaintiff Gary S. Hann ("Hann"), sole beneficiary and sole decision maker of his Roth Individual Retirement Accounts ("IRAs"), who demands a jury trial and who deposes and says as follows:

## JURISDICTIONAL STATEMENT

1.    Pursuant to 28 U.S.C. Section 1334(b), this Court has exclusive jurisdiction over this case which is related to Hann's bankruptcy proceeding under Title 11 of the United States Code.

2.    In particular, this Court has personal jurisdiction over Defendants Collis & Griffor PC, and Collis, because Collis actively conspired with the California Defendants hereto, and because Collis voluntarily brought a bankruptcy claim, primarily in hopes of receiving $50,000 in state court attorney fees, thus conferring personal jurisdiction on the Central District of California.

3.    It is long settled that all partners in a law firm are responsible, under vicarious liability, for wrongful actions or

2

inactions of the partnership, by reason of their relationship to the lead attorney in a specific action, as here.

4. This Court has supplemental jurisdiction over Hann's state law claims under 28 U.S.C. 1367(a), and pursuant to Article III of the U.S. Constitution; they "form part of the same case or controversy" as the federal law claims.

**PREAMBLE**

5. Plaintiff Gary S. Hann ("Hann") is a 100% disabled retiree former debtor, and sole decision maker, funder and beneficiary of the "Hann Roth IRA" (formally titled "Equity Trust Co. Custodian FBO Gary S. Hann IRA")("Hann Roth IRA") and who has bankruptcy, due process, equal protection, and also inalienable state of California rights.

6. Hann brings this action with respect and deference, but simply cannot comprehend the violations of long settled law and the personal trauma intentionally caused by Defendants. Hann brings this action without improper purpose, in good faith and in sincere belief that the claims made are correct, meritorious and predicated on a firm legal foundation, and therefore deserving of full consideration.

7. This action is, in large part, a civil rights action under 42 U.S.C. Section 1983; Defendants have acted under color of state

3

law and deprived Hann of his due process and equal protection rights.

8.   Hann further avers that statements of fact herein are true and accurate to the best of his information, knowledge and belief, and that he is fully competent to testify thereto.

9.   Hann respectfully requests that this Honorable Court not reject this matter for technical or procedural reasons, but rather that this Court either correct such deficiencies sua sponte, or permit Hann to make such minor technical or procedural changes as may be found from time to time.  *Haines v. Kerner*, 404 US 519, 520, 92 S.Ct. 594, 596 (1972).

10.   Hann additionally respectfully reminds the Court, and requests, that he be given any reasonable latitude in accordance with and as has been mandated by federal decisions and practice. *Castro v. US*, US No. 02-6683, 124 S.Ct. 786 (2003); *Boswell v. Mayer*, 169 F.3d 384 (6th Cir. 1999), *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

**VENUE**

11.   Venue is appropriately in this Court pursuant to 28 U.S.C. 1391(b)(1) and (2) because Hann and his former bankruptcy trustee, Karl T. Anderson, reside or do business in Riverside County, CA, and Hann's case was brought in Riverside County.

4

## GENERAL ALLEGATIONS APPLICABLE THROUGHOUT AS TO ALL DEFENDANTS

### AND ALL COUNTS

12.  California Constitution, Article I, Section 1: All people are by nature free and independent and **have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.**

13.  AMENDMENT IV: **The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated . . .**

14.  AMENDMENT V: No person shall be . . . **deprived of life, liberty, or property, without due process of law; . . . .**

15.  Amendment XIV, Section 1. . . . nor shall any state **deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.**

16.  State Defendants, sued as individuals, have acted or intended to act under color of California statutes, ordinances, regulations, customs and/or usages and have subjected Hann to the deprivation of rights, privileges and/or immunities secured by the Constitution and laws.

17.  Hann vigorously alleges grossly negligent, harmful and continuing violations of the 5th and 14th Amendment due process guarantees, and attempted taking of lawfully protected property

5

under the 4th Amendment, comprising denial of Substantive and Procedural Due Process and denial of Equal Protection of the Laws.

18.    Defendant's Due Process violations have caused, and continue to cause, great and debilitating suffering by Hann.

19.    California's litigation privilege does not apply to this matter, whose gravamen is malicious and wrongful prosecution of a civil matter/wrongful use of a civil proceeding.

20.    Malfeasance is intentional conduct that is wrongful or unlawful, especially by officials or public employees.

21.    The use of the term "Void" herein with respect to any and all process, pleadings, hearings, orders, judgments, liens, and or attachments, means that the Court lacked lawful authority and/or jurisdiction to adjudicate or grant relief in the matter.

22.    The use of the term "Fraud" alleges all essential elements of civil fraud in California, which give rise to the tort action for deceit, are:

(a)    misrepresentation    (false    representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.

23.    The use of the term "Fraud on the Court" applies herein when the judicial machinery itself has been tainted, such as when an attorney, who is an officer of the court, is involved in the perpetration of a fraud or makes material misrepresentations to

6

the court; such is not protected by California's litigation privilege. Fraud upon the court makes void the orders and judgments of that court. The Sixth Circuit, Hann's bankruptcy case being a Michigan case, has set forth five elements of fraud upon the court which consist of conduct:

"1. On the part of an officer of the court; 2. That is directed to the 'judicial machinery' itself; 3. That is intentionally false, willfully blind to the truth, or is in reckless disregard for the truth; 4. That is a positive averment or is concealment when one is under a duty to disclose; 5. That deceives the court." **Demjanjuk v. Petrovsky**, 10 F.3d 338, 348 (6th Cir. 1993).

24.    Hedonic damages, one component of suffering, are fully imputed in 42 U.S.C. Section 1983 and are alleged thereto against all Defendants at all times for abject denial of rudimentary Due Process, civil and California's inalienable rights.

25.    Defendants acted or by omission acted incompetently, in bad faith, and failed to use the care an ordinarily prudent person in a like position would exercise under similar circumstances; Defendant's violations were willful, knowing, intentional, and were the proximate and/or legal cause of great and continuing suffering experienced by and damages to Hann.

26.    The actions or inactions of the supposed trustee parties, the U.S. Trustee and Karl T. Anderson, were as individuals, not as trustees; because they acted outside the rudimentary law and

7

outside their congressionally approved jurisdiction to act.  They were individuals, knowingly acting harmfully towards Hann, only for their own enrichment.

27.    No federal statutes squarely address the issue of immunity for trustees, or the standard of care imposed upon trustee action, and only one addresses the issue of suits against trustees. 28 U.S.C. §959(a) states as follows:

> Trustees, receivers or managers of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in **carrying on business** connected with such property.

Case law makes it clear that this section actually provides a limited exception to the common law rule which holds that leave to sue trustees must first be obtained from the court appointing them. The exception to obtaining leave arises only when a trustee is "carrying on business" connected with property of the estate.

28.    Because the reopening was blatantly unlawful, outside the subject matter jurisdiction of the Court, and in overt violation of Hann's civil rights, the reopening was void ab initio.

29.    Further, the U.S. Trustee admitted, in its Motion to Reopen, Docket No. 17, that the reopening was ministerial; ministerial actions are not protected by immunity.

30.    Also, because Defendants Karl T. Anderson and U.S. Trustee moved that the Court remove the original NDR Report which

8

was granted, they were given control and ownership of Hann's Roth IRA, and therefore, defacto, "carrying on business" in such capacity, and thus the Barton Doctrine is inapplicable.

31.    The Third Circuit recently decided a case in which trustee immunity and the Barton Doctrine were implicated, in *Phoenician Mediterranean Villa v. Swope* (In re J&S Properties), 872 B.R. 138 (3d Cir. 2017).  The Third Circuit reviewed whether qualified immunity applied to discretionary actions taken by a trustee to preserve the bankruptcy estate's assets, and whether that immunity protected the Trustee's conduct.

The court relied on the Supreme Court's decision in *Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982), which stated that "government officials performing discretionary functions generally are shielded from liability for civil damages **insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.**" The court found a Chapter 7 trustee to be a "government official" who could enjoy these protections **as long as they did not act contrary to clearly established law.**

The Third Circuit Court went on to say that, when properly applied, **"qualified immunity protects all but the plainly incompetent or those who knowingly violate the law.**" Swope, at 142. **In order to pierce through this veil of immunity, a plaintiff must**

9

**establish that the official violated a statutory or constitutional right, which is "clearly established" at the time of the conduct.** A right is clearly established when it is supported by sufficient and robust judicial precedent, as here.

32.    Defendants U.S. Trustee and Karl T. Anderson were mandated, not only to follow the law, but to be fully cognizant of all applicable statutes and case law; From the Handbook for Chapter 7 Trustees:

> P. 9 - Nothing in this Handbook should be construed to excuse the trustee from complying with all duties imposed by the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (Rules), local rules, and orders of the court. Further, **the trustee must be familiar with relevant provisions of the Bankruptcy Code, Rules,** any local bankruptcy rules, **and case law.** 28 U.S.C. § 586(a), 28 C.F.R. § 58.6(a)(3). . . . The trustee is accountable for all duties set forth in this Handbook.

> P. 31 - To be eligible to serve as a trustee in a chapter 7 case, a person must be: (1) **competent to perform the duties of a chapter 7 trustee,** . . . . 11 U.S.C. § 321.

> Section 6.A. . . . **Trustees are responsible to develop and maintain the requisite skills and knowledge of the Bankruptcy Code, Rules,** any local bankruptcy rules, and case law. **Further, they are required to be conversant with the provisions of this Handbook.**

33.  When Hann asked presiding Judge Wallace at the 04/11/2018 dismissal Hearing why this case had been reopened in the first place, Judge Wallace replied that "reopening is largely automatic".

10

34.    This clearly meant that, upon request from Defendants Karl T. Anderson and Defendant U.S. Trustee, that the Court did not review the merits of the law regarding reopening, or the trustees' false claims of having "prima facie evidence", nor did it first demand a cost-benefit analysis, all of which were mandatory for a valid reopening. The Court relied on the trustees' integrity; they were, plainly, incompetent.

35.    The Counts herein pertain to the specified Defendants for each Count, who all knew, or should have known, of the wrongs and violations they committed with hostile disregard for the law and for the truth of the matter.

## RECITATION OF INDISPUTABLE FACTS

36.    On 09/27/2014, Gary S. Hann filed for Chapter 7 Bankruptcy in this Central District of California, Case No. 6:14-22067-MW; the trustee's fiduciary responsibility was in effect for the Exempt Hann Roth IRA until the case closed on 09/21/2015, and thereafter for exempt property of the estate

37.    At the moment of filing, all of Hann's property, "wherever located and by whomever held", became property of the Bankruptcy Estate under the sole jurisdiction of the bankruptcy court and of Anderson as trustee.    11 U.S.C. Section 541(a).

38.    On 10/06/2014, Creditors and Defendants in Adversary No. 6:17-ap-01168-MW, *Hann v. Brickhaven Condominium Association et al.*, filed a foreclosure action in Michigan's Washtenaw County Circuit Court against Debtor Hann's intangible personal property Hann Roth IRA, which at the time belonged to then trustee Karl T. Anderson.

39.    This action was taken without notifying or seeking leave from Defendant Anderson, and when informed by Hann's filing Adversary

No. 6:17-ap-01168-MW, *Hann v. Brickhaven Condominium Association et al.*, trustee Anderson did nothing to protect the exemption of Hann's Roth IRA or to address the void state court proceeding.

40.    On or about 05/11/2015, the Creditors and Defendants in Adversary No. 6:17-ap-01226-MW, *Hann v. Sakaya et al.*, filed a state court counter-suit action, with the intent and result of taking the Trustee Anderson's property, Hann's intangible personal property Hann Roth IRA.

41.    These actions were taken without notifying or seeking leave from Defendant Karl T. Anderson, and when informed by Hann's filing Adversary No. 6:17-ap-01226-MW, *Hann v. Sakaya* et al., Anderson did nothing to protect the exemption of Hann's Roth IRA or to address the void state court proceeding.

42.    Trustee Anderson's authority over the bankruptcy estate protected exempt property from any pre-petition liability, even after the bankruptcy case was closed; Defendant Anderson had a fiduciary duty to Hann's interest in his exempt Hann Roth IRA, but Anderson utterly failed to protect the exemption with respect to the unlawful state court proceedings.

43.    On 11/06/2014, after the Rule 341 exam, Defendant Karl T. Anderson filed the following excerpted sworn statement and certification, Docket No. 10:

> Chapter 7 Trustee's Report of No Distribution: "I, Karl T Anderson (TR), . . . report that . . . *I have made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate; and that there is no property available for distribution from the estate over and above that exempted by law. Pursuant to Fed R Bank P 5009, I hereby certify that the estate of the above-named debtor(s) has been fully administered* . . . (Anderson (TR), Karl)

> From the Handbook for Chapter 7 Trustees: 4.C.2. Determination and Administration of No Asset Cases. The purpose of the NDR is to close administration of the case.  The NDR certifies that the trustee has reviewed the schedules, investigated the facts, and determined that there are no assets to liquidate for the benefit of creditors.  *It also certifies that the trustee has examined the debtor's claimed exemptions and concluded that there is no purpose served to object to their*

*allowance . . . .*

44.   Defendant Karl T. Anderson was fully informed that Hann had previously filed for Chapter 13 bankruptcy in Michigan.

45.   Defendant Karl T. Anderson had full access to all documents in the previous Chapter 13 filing, but has made no reference to any, nor has he shown that he has read and/or reviewed them, nor has he shown any applicability to the Hann's instant Chapter 7 filing.

46.   The Creditor that previously and unsuccessfully challenged Hann's IRAs, the City of Ypsilanti, MI, did not challenge Hann's IRAs in his Chapter 7 filing, apparently admitting to no substantive basis for such challenge.

47.   Defendant's filing of their Motion to Reopen, Docket No. 17, fully documented and admitted to their lack of immunity from lawsuit, their lack of cause, and the utter lack of the Court to have subject matter jurisdiction, excerpts to wit:
a) The Debtor fully exempted the IRA assets.
b) Debtor may have been using his IRA assets unlawfully.
c) The U.S. Trustee desires to reopen this Chapter 7 case so a trustee may investigate this matter.
d) A court should reopen a case whenever prima facie proof is made.
e) Reopening this case is merely a "ministerial or mechanical act".

48.   On 07/07/2017, Hann filed vigorous objections to the reopening and to the appointment of outside counsel, Docket No. 28, with specific and dispositive objections as follows, which were completely ignored by Defendants:

**"I.   KARL T. ANDERSON USES BOILERPLATE TEXT, WITHOUT CITING CASE SPECIFIC FACTS AND/OR EVIDENCE, TO WARRANT EXTREME EXPENDITURE OF WILDLY SPECULATIVE FUNDS; THIS WILLFULLY ALTERED THE STATUTORY PRESUMPTION, AND BURDEN OF PROOF, WHICH LIE WITH THE TRUSTEE.**

**"II.   KARL T. ANDERSON PROVIDES ZERO COST-BENEFIT ANALYSIS, WHICH PROVISION IS MANDATORY PER NINTH CIRCUIT PRECEDENT.**

**"V.   THE REQUESTED ATTORNEY APPOINTEES ARE NOT SPECIALISTS IN REAL ESTATE IRAs, WHICH FIELD REQUIRES SIGNIFICANT EXPERIENCE AND SPECIFIC EXPERTISE, WITH A SUBSTANTIAL AND POTENTIALLY COSTLY LEARNING CURVE".**

13

49.   Hann, a 100% disabled retiree, has had to seek significant professional counseling with respect to loss of sleep, frustrations, terror, trauma and stress caused by the actions or inactions of Defendants.

**COUNT I — FRAUD ON THE COURT BY AN OFFICER OF THE COURT BY DEFENDANTS COLLIS AND KEVIN T. ANDERSON; CONSPIRACY TO DEFRAUD THE COURT AND THE PARTIES THROUGH A COORDINATED EFFORT TO REOPEN HANN'S BANKRUPTCY CASE, CONTRARY TO THE BANKRUPTCY CODE AND TO HANN'S CIVIL RIGHTS, AND ONLY FOR PURELY PERSONAL PECUNIARY INTEREST, AS TO ALL DEFENDANTS**

50. Hann incorporates Paragraphs 1 to 49 of this Complaint as though fully set forth herein, and who has been denied inalienable, due process and equal protection rights, Paragraphs 12-15 , supra.

51.   Hann alleges all elements of civil conspiracy in California; Defendants engaged in a concerted action to accomplish an unlawful purpose.

52. In an E-mail dated 03/31/2017, Defendant Collis' sole declaration that "Mr. Hann uses his IRA improperly", which provides no basis for reopening; the said E-mail went to, inter alia, Defendants Shulman et al. and Karl T. Anderson.

53.  The said E-mail had a heading which indicated "04/25/2017" and the E-mail address KTACPA@msn.com, which is the E-mail for Defendant Kevin T. Anderson, who has thus played a part in this matter and the conspiracy to reopen.

14

54. Defendant Collis could have motioned the Court to reopen himself, but upon information and belief promoted and promulgated wild speculations, none of which he could possibly justify.

55. Instead, Defendant Collis engaged as ringleader in a campaign to induce all Defendants to join in a lawless reopening, despite that Collis had no statutory or cited basis for such demand.

56. Defendant Collis' aggressive demands for the reopening of Hann's bankruptcy case was for the sole purpose of acquiring about $50,000 in legal fees for himself with respect to an ongoing Michigan state court matter.

57. As a proximate cause, Defendant Collis, and through his influence and insistence, all Defendants, have caused great and continuing harm to Hann and to his exempt, fully protected Hann Roth IRA.

**COUNT II – FRAUDULENT, LAWLESS MINISTERIAL REOPENING OF HANN'S BANKRUPTCY CASE WHEN THE COURT WAS WITHOUT JURISDICTION TO HEAR THE MATTER, WITHOUT A SCINTILLA OF "PRIMA FACIE EVIDENCE", WITHOUT ANY MANDATORY COST-BENEFIT ANALYSIS, AND IN HOSTILE DISREGARD TO THE APPLICABLE BANKRUPTCY CODE, AS TO ALL DEFENDANTS BUT DEFENDANT KEVIN T. ANDERSON**

58. Hann incorporates Paragraphs 1 to 57 of this Complaint as though fully set forth herein, and who has been denied inalienable, due process, and equal protections rights, Paragraphs 12-15, supra.

15

59.   Hann's bankruptcy discharge, dated 01/12/2015, Docket No. 12, could not be revoked after 01/12/2016, or revoked more than one year after the case closing date of 09/21/2015, and therefore after 09/21/2016.   11 U.S.C. Section 727(e); From the Handbook for Chapter 7 Trustees:

> 4.G., P.58: **A debtor's discharge may be revoked within one year after it was granted,** or in some cases within one year after the case is closed.  11 U.S.C. §§ 727(d), (e).  **The trustee must be familiar with the grounds for revocation and the time limits for filing a complaint.** 11 U.S.C. § 727.
>
> **The United States Trustee is also authorized to object to the discharge of a debtor or seek revocation of the discharge.**

60.   The Court was therefore without subject matter jurisdiction to hear or adjudicate the reopening.  Complete lack of subject matter jurisdiction may be raised at any time and in any court, is fatal, and voids all proceedings ab initio.

61.   In Docket No. 10, Defendant Karl T. Anderson swore that he had "made a diligent inquiry into the financial affairs of the debtor(s) and the location of the property belonging to the estate"; Paragraph 43, supra.

62.   Defendants knowingly had a statutory 30 days to challenge exemptions, after which the Hann Roth IRA exemption was presumptively and legally valid and unchallengeable; Defendants did not challenge the Hann Roth IRA's exemption within 30 days.

16

From the Handbook for Chapter 7 Trustees:

4.C.3.c. "The trustee must object to a claimed exemption if doing so benefits the estate. For example, if allowing the improperly claimed exemption would remove assets from the estate that should be available for payment of creditor claims, the trustee must object. 11 U.S.C. § 704. **The objection must be filed within 30 days after the conclusion of the meeting of creditors or the filing of any amendment to the list or supplemental schedules, whichever is later, unless, within such period, further time is granted by the court. Fed. R. Bankr. P. 4003(b).**

FED.R.BANKR.P.4003(b)(4). **If no timely objection is lodged by a party in interest, the property listed as exempt becomes exempt even when the claimed exemption is legally invalid or asserted without good faith.** Taylor v. Freeland & Kronz, 503 U.S. 638, 112 S.Ct. 1644 (1992).

The objecting party has the burden of proving that the exemptions are not properly claimed. **If the trustee or another party does not file a timely objection to an exemption, it is deemed allowed".**

63.    Defendant Karl T. Anderson was copied on a certain E-mail dated 03/31/2017, which made generalized and completely unsupported allegations about Hann's Exempt Roth IRA.

64.    Defendants have not performed any mandatory analysis of possible recovery herein, or any cost-benefit analysis of reopening:

In *Unsecured Creditor's Comm. v. Puget Sound Plywood, Inc.*, 924 F.2d 955 (1991), the 9th Circuit codified an attorney's "obligation" to a Bankruptcy Estate to start with "scrupulous" analysis, carefully citing *In re Wildman*, 72 B.R. 700 (1987), in holding, per *Wildman*:

"In fact, **before performing any service, the attorney should first scrupulously weigh and assess the necessity**

17

*and propriety of each task for which he will be seeking compensation.* See *In re Albert Bros. Contractors, Inc.,* 27 B.R. 586, 591 (W.D. Va.1983). To undertake a thorough analysis, an attorney must consider at least the following questions:

(a) Is the burden of the probable cost of legal services disproportionately large in relation to the size of the estate and maximum probable recovery?

(b) To what extent will the estate suffer if the services are not rendered?

(c) To what extent may the estate benefit if the services are rendered and what is the likelihood of the disputed issues being resolved successfully?

"Indeed, **such analysis is an essential part of any attorney's decision** — whether in bankruptcy matters or not — to undertake a case or legal project. A reflection of this analysis is a necessary part of any professional fee application, *Shades of Beauty*, 56 B.R. at 590, and the narrative routinely required by this Court pursuant to Continental supra should contain it".

65. This standard is a mandatory threshold, and constitutes the gravamen for eschewing unsupported allegations of "prohibited [IRA] transactions" in Hann's previous Chapter 13 filing.

66.    Such standard should also have been the lodestone for the Trustee's challenging two "slam dunk", lucrative state court wrongful foreclosure actions, which clearly and unambiguously violated the automatic stay, Paragraphs 38 to 42, supra.

67.    Defendants U.S. Trustee and Karl T. Anderson's abject failure to use and/or apply this mandatory standard has, as a proximate result, caused Hann great and continuing harm, including but not limited to losing significant Exempt Hann Roth IRA Assets.

18

68. In a pleading to reopen this case, Defendant U.S. Trustee presented only the said 03/31/2017 E-mail as the sole evidence, while noting the standard for reopening as "prima facie evidence". Docket No. 17.

69. The only applicable statement in Defendant Collis' said E-mail was "Mr. Hann uses his IRA inappropriately", which has little to no meaning absent specific supporting facts; such a single E-mail, without any affidavit, standing alone, is not even admissible, much less "prima facie evidence".

> *In re Mann, 201 B.R. 910, 915* (Bankr. E.D. Mich. 1996) ("The trustee, as the objecting party, has the burden of producing evidence which rebuts the prima facie presumption that the exemption is correct."). *Mere allegations by a trustee are insufficient; specific evidence is required.* Corcoran v. Publow, 418 B.R. 231, 235 (E.D. Mich. 2009)

70. The subject matter of the E-mail had been previously and thoroughly addressed by the U.S. Trustee for the Eastern District of Michigan, and by Creditor City of Ypsilanti, in Hann's prior Michigan Chapter 13 bankruptcy proceeding.

71. Hann previously paid his Michigan counsel many thousands of dollars to prepare a detailed 18-page Brief in that proceeding, authoritatively refuting the subject matter of the said E-mail.

72. Subsequently, Creditor Ypsilanti, and the U.S. Trustee for the Eastern District of Michigan, dropped their completely

unproven and refuted allegations of irregularities in the Exempt Hann Roth IRA.

73. Although the time for objecting to exemptions, or for revoking the instant discharge, had long since passed, Defendant Karl T. Anderson reopened this matter on only a rumor, without considering that his issue had already been thoroughly argued.

74. The reopening, in hostile disregard to explicit standards and law, without any prima facie evidence or cost-benefit analysis, has been the proximate cause of extraordinary trauma and the irretrievable loss of significant time, expense, and Hann's constitutional right to enjoyment of retirement life.

**COUNT III – MALICIOUS PROSECUTION OF A CIVIL MATTER, ABUSE OF PROCESS AND BARRATRY BY DEFENDANTS KARL T. ANDERSON, U.S. TRUSTEE, SHULMAN & HODGES, LOWE AND SHULMAN**

75. Hann incorporates Paragraphs 1 to 74 of this Complaint as though fully set forth herein, and has who has been denied inalienable, due process and equal protection rights, Paragraphs 12-15, supra.

76. Hann alleges all elements of malicious prosecution of a civil matter in California; Defendants actively and aggressively brought the bankruptcy reopening which ended in Hann's favor with their own request for dismissal, that no attorney would believe the reopening was based on law, that Defendants primarily sought

20

expensive legal fees, and that Hann was harmed as a direct and proximate cause of Defendant's illicit conduct.

77. Pursuant to the Facts Section and Defendant's own words, Paragraph 95, post, Defendants broke the law by demanding reopening, had no prima facie evidence or any admissible evidence at all, were engaging in a wholly impermissible fishing expedition, and were admittedly subject to full liability by engaging in a ministerial or mechanical reopening.

78. The settled record clearly establishes the lawlessness of Defendant's actions or inactions, Defendant's capitulation and rapid withdrawal of the proceeding when Hann was forced to file an Adversary Action against them regarding their frauds and deceits.

79. Defendants attempted to intimidate Hann by filing a 535-page Anti-SLAPP motion as an unlawful disguise for their actual intention, an unlawful action for libel or defamation, when California's litigation privilege was in full force and effect.

80. Defendants could not possibly justify the case reopening, under the "Reasonable Attorney Test" or any other test, or their aggressive and intimidating pursuit of the matter, and instead resorted to further and reprehensible efforts to deny Hann's important personal right to be free from unwarranted or abusive litigation tactics.

21

**COUNT IV – BREACH OF FIDUCIARY DUTIES TO HANN'S EXEMPT ROTH IRA BY DEFENDANTS KARL T. ANDERSON, U.S. TRUSTEE, SHULMAN & HODGES, LOWE AND SHULMAN**

81. Hann incorporates Paragraphs 1 to 80 of this Complaint as though fully set forth herein, and who has been denied inalienable, due process and equal protection rights, Paragraphs 12-15, supra.

82. Pursuant to the Handbook for Chapter 7 Trustees, Defendants were mandated to be fiduciaries to exempt property of the bankruptcy estate, including Hann's Exempt Roth IRA:

> 4.B. " . . . The chapter 7 trustee is the representative of the estate. 11 U.S.C. § 323(a). **The trustee is a fiduciary charged with protecting** the interests of all estate beneficiaries – namely, all classes of creditors, including those holding secured, administrative, priority, and non-priority unsecured claims, as well as **the debtor's interest in exemptions** . . . .

83. The entirety of the proceedings, from Defendant's discussion of reopening, to their petition to reopen, to their frightening and definitive statement, Docket No. 21, that assets would be administered (from the Exempt Hann Roth IRA), caused Hann shock and fright; Defendants showed hostility and complete disregard for the law and for Hann's absolute due process rights in his exempt Roth IRA.

84. Defendant's behavior was the antithesis of acting as fiduciaries, which means looking solely after the interests of the Hann Exempt Roth IRA, rather than their personal pecuniary interest. From the Handbook for Chapter 7 Trustees:

22

4.A.  "A chapter 7 case must be administered to maximize and expedite dividends to creditors. **A trustee shall not administer an estate or an asset in an estate where the proceeds of liquidation will primarily benefit the trustee or the professionals**, or unduly delay the resolution of the case".

85.  As a proximate cause, Hann was left vulnerable and alone among the many powerful and unswerving fiduciaries, who, for the reasons stated in the Facts Section, including but not limited to two "slam dunk" Adversary Proceedings, utterly abrogated their fiduciary duties to the Exempt Hann Roth IRA; Hann and his retirement have been severely impacted.

**COUNT V – MALFEASANCE AND NEGLIGENT, INTENTIONAL MISREPRESENTATION, CONSTRUCTIVE FRAUD AND WILLFUL IGNORANCE BY ALL DEFENDANTS BUT DEFENDANT KEVIN T. ANDERSON**

86. Hann incorporates Paragraphs 1 to 85 of this Complaint as though fully set forth herein, and who has been inalienable, due process and equal protection rights, Paragraphs 12-15, supra.

87.  Hann alleges all elements of willful ignorance in California; Defendants breached the duty of reasonable investigation, and willfully ignorant defendants are as culpable as their knowing counterparts when they breach this duty in sufficiently serious ways.  Here, Defendants conducted zero investigation whatever before demanding reopening.

88.    Hann alleges all elements of intentional misrepresentation in California; Defendants represented a lawful case reopening which they knew was untrue, they intended that Hann rely on that, which he did, and caused great and continuing harm as a direct and proximate result of their intentional misrepresentations.

89.    Defendants committed intentional, wrongful and lawless actions or inactions.

90.    Defendants negligently and intentionally misrepresented to Hann and to the Court that:

a) Their demand for reopening of Hann's bankruptcy case had the full validity of law.

b) They had a lawful basis to rescind the exemption on Hann's Roth IRA, pursuant to Docket No. 21, 06/05/2017: NOTIFICATION OF ASSET CASE.    Defendant Karl T. Anderson stated, untruthfully, that **"assets will be administered** in the above captioned case . . . ", and through his malfeasance, greatly frightened and intimidated Hann.

c) They had the lawful right to investigate Hann's Roth IRAs to any extent they pleased; that they had the lawful right to demand many years of Hann's Roth IRA statements.

d) That, pursuant to their "Settlement Agreement", that Hann would have the entirety of rights as had by Defendant Karl T. Anderson, when in fact, such purported rights could be limited, perhaps drastically limited, by the Court.

91.    "To establish that a defendant "willfully violat[ed]" the . . . law, [Plaintiff] must prove that the defendant acted with knowledge that his conduct was unlawful". *Ratzlaf v. US*, 510 U.S. 135, 114 S. Ct. 655 (1994).

24

92.    Defendants were licensed attorneys and fiduciaries to Hann's Exempt Roth IRA; they presumptively knew the law, and in fact were mandated by the Handbook for Chapter 7 Trustees to know the applicable statutes and case law.

93.    Defendants, when in receipt of Hann's pleading in *Hann v. Anderson*, which showed, inter alia, the rudimentary applicable law, Adversary No. 6:18-ap-01028, Docket No. 65, immediately withdrew all objections to their challenge against Hann's Roth IRA and moved to dismiss the reopening.

94.    Defendant's immediate action made clear that they knew fully well that their actions were blatantly unlawful.

95.    Defendant's Status Report, 02/08/2018, Docket No. 66, admitted:

> "II. TRUSTEE'S REPORT ON THE EXEMPTIONS
> The Trustee and his counsel engaged in an investigation into the propriety of the Debtor's claimed exemptions in the IRA Accounts. Following that investigation, the Trustee came to the conclusion that he would not object to the Debtor's claimed exemption in the IRA Accounts for a number of reasons, including but not limited to, **issues with the timeliness of such objection, that any objection would be overly burdensome and too risky for the Estate and that the cost of objecting could very likely outweigh a recovery, if any**".

96.    The statement that "The Trustee and his counsel engaged in an investigation into the propriety of the Debtor's claimed exemptions in the IRA Accounts" is intentionally and maliciously untrue and a Fraud on the Court by Officers of the Court, because

25

Defendants had no new information whatever about Hann's Roth IRAs, than when they initially moved for reopening.

97.   By their own admissions, Defendant's reopening therefore constituted willful ignorance of the law, and as a direct and proximate cause, denied Hann his constitutional rights, and as a direct and proximate result, caused Hann great and continuing harm.

**COUNT VI – ATTEMPTED CIVIL EXTORTION AND FRAUD ON THE COURT BY KNOWINGLY MISREPRESENTING A PROPOSED ORDER OF THE COURT, IN FAVOR OF PROMOTING PERSONAL PECUNIARY INTERESTS, BY OFFICERS OF THE COURT KARL T. ANDERSON, SHULMAN & HODGES, LOWE AND SHULMAN**

98.   Hann incorporates Paragraphs 1 to 97 of this Complaint as though fully set forth here, and who has been denied inalienable, due process, and equal protection rights, Paragraphs 12-15, supra.

99.   Defendants should have contacted the IRA Custodian, Equity Trust Company, first, but did not.  Instead, they attacked Hann, the vulnerable, disabled retiree.

100.   Hann alleges all elements of attempted civil extortion in California; Defendants knew their threat was wrongful or had no basis in fact, the threat was coupled with an express or implied demand for money, property or services.

101.   During Summer 2017, Defendants repeatedly presented Hann with completely one-sided "Settlement Agreements", without standing to do so, because they had yet to be appointed.

26

102.   The said "Settlement Agreements" required, inter alia, $35,000 or more in legal fees to Defendant Shulman Hodges, and additional significant Trustee fees of up to $10,750 pursuant to the statutory schedule, and Accountant fees and other fees and costs, and denied Hann the fiduciary duty and responsibility of neutral administration of his bankruptcy estate.

103.   The accumulated legal fees were fictional; Defendants Shulman Hodges et al. had provided zero legal services to Hann's bankruptcy estate or to the Court.

104.   Defendants did not advise Hann to retain counsel with respect to the complex "Settlement Agreements"; Defendants had not even been appointed as counsel to Defendant Karl T. Anderson.

105.   On 11/07/2017, a hearing was held wherein Shulman Hodges was appointed as counsel to Defendant Karl T. Anderson.

106.   Defendants Shulman Hodges et al. have not shown the Court any expertise in the highly specialized and extremely complex field of real estate IRAs.   Argument, Docket No. 26.

107.   At the said hearing, Defendant Lowe asserted that Hann had "pushed back" regarding her oppressive demands for voluminous records; Defendant Lowe had requested about 1,000 pages of records, five months before being appointed by the Court.

108.   Defendants, whose rates were up to $575/hour, were apparently expecting a pay day in the range of $100,000 or more.

27

109. At the said hearing, Judge Wallace was extremely clear in directing Defendant Lowe to review Hann's Roth IRAs for facial irregularities, and to "be neutral" in the research and resulting report.

110. Defendant Lowe then submitted Hann a proposed order; Hann objected vigorously to intentionally wrongful clauses which indicated that the court found Defendants to be "disinterested persons" and that the appointment was of 06/07/2017, both of which were false.

111. Hann requested that Defendant Lowe insert the language that Judge Wallace actually used at the hearing, which was, inter alia, to make a cursory review of limited records.

112. Defendant Lowe initially refused to insert the language of the Court; she was unlawfully attempting to keep disallowed language in the order that would permit Defendants to receive well over $30,000 in legal fees which had little, if anything, to do with the duty of maximizing the Bankruptcy Estate.

113. On 11/10/2017, Hann and Lowe agreed on an order, which were the precise words of the Court, as should be in an order, and executed same.

114. In an E-mail, Defendant Lowe promised to forward the parties' agreed order to the Court; Defendant Lowe did not submit

the agreed order to the Court, which this constituted a fraud upon the Court by an Officer of the Court.

115.    As a proximate result, Defendants have caused Hann great and continuing harm in seeking such extraordinarily high fees, and Hann was distraught when the valid claims in the Claims Register against the Estate were under $3,000 in total.

116.    The day after appointment, November 8, 2017, when the Court limited Defendants Shulman et al. to a maximum $3,000 in fees, they bombarded Hann with E-mails demanding that Hann sign yet another one-sided "Settlement Agreement".

117.    The new "Settlement Agreement" had no benefit for Hann, and all benefit, including an apparently minimum $45,000 in legal and investigative fees, to Defendants.

118.    All evidence indicates that Defendants were primarily seeking to manipulate this matter to achieve large legal fees.

119.    These strong-arm tactics had nothing to do with being neutral counsel to Defendant Karl T. Anderson, nor in being fiduciaries to the Exempt Hann Roth IRA, and everything to do with getting money by oppressive, rent seeking behaviors.

**COUNT VII – INTRUSION UPON SECLUSION; HEDONIC/LOSS OF ENJOYMENT OF LIFE DAMAGES AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS BY ALL DEFENDANTS**

120. Hann incorporates Paragraphs 1 to 119 of this Complaint as though fully set forth herein, and who has been denied inalienable, due process and equal protection rights, Paragraphs 12-15, supra.

121. Hann alleges all elements of the privacy tort of Intrusion upon Seclusion in California, one of several invasion of privacy torts, Defendants intentionally intruded upon Hann's solitude or seclusion of another or his private affairs or concerns, Defendant's intrusion was highly offensive to Hann as a reasonable person, and Defendant's intrusions caused Hann mental anguish or suffering.

122. Hann additionally alleges all elements of intentional infliction of emotional distress in California; Defendant's lawless conduct was outrageous and was intended to cause Hann emotional distress, Defendants acted with reckless disregard of the probability that Hann would suffer emotional distress, knowing that Hann was present when the conduct occurred, Hann suffered severe emotional distress; and Defendant's conduct was a substantial factor in causing Hann's severe emotional distress.

123. Defendant's unlawful conduct was 'outrageous' because it was so 'extreme as to exceed all bounds of that usually tolerated in a civilized community.' And the defendant's conduct was 'intended to inflict injury or engaged in with the realization

that injury will result.' " (Hughes v. Pair (2009) 46 Cal.4th 1035, 1050-1051 [95 Cal.Rptr.3d 636, 209 P.3d 963]).

124. Hann, sole beneficiary, funder and decision maker of the Hann Roth IRA, a 100% disabled retiree-debtor, was exhausted, overburdened, distraught and frustrated with the failures of Defendants to follow the indisputable law.

125. Defendant's wrongful and lawless actions had real, intended consequences against real people; Hann was tortured and forced to engage in massive legal related research and detective work, regarding the lawless actions or inactions of Defendants, almost non-stop from when the bankruptcy case was reopened.

126. Hann spent well over 1,000 intense hours of accounting, communication of potential settlements, preparation, legal research, court hearings, document writing and filing; these resulted from Defendant's actions or inactions which have significantly denied Hann the pleasures inherent with retirement.

127. Hann suffered continuous emotional anguish, humiliation by a number of expensive attorneys involved, and irreparable reputational damage.

128. Defendant's lawless pleadings, filings and proceedings, contrary to rudimentary due process, required Hann to become the functional equivalent of a small law firm, rather than the relaxed,

100% Disabled Retiree he actually was, suddenly completely consumed in dealing with the blatantly unlawful proceedings.

129.    Defendant's actions or inactions have intended to cause harm, and have caused Hann, great and continuing mental anguish and suffering, including Hann having to cancel significant plans upon notification by the Court of the case reopening, and having no idea, and in great fear of, what could happen to his exempt Roth IRA as a result of the reopening.

130.    Hann found it greatly burdensome and completely lacking in fundamental due process fairness to expend monies ranging upwards of $50,000+ to defend this fraudulent and lawless reopening.

131.    Hann, and his interest in his exempt Roth IRA, are entitled, as all others equally situated, to peaceful enjoyment of its assets, but this has been denied Hann by Defendants herein.

132.    The federal courts, consistent with Congressional intent, have uniformly adjudged that retirement funds are solely to be available for retirement.

133.    As a proximate cause of Defendant's wholly unlawful fishing expedition into the Exempt Hann Roth IRA, Beneficiary Hann has been overwhelmed and his time dominated by fighting a phalanx of expensive and powerful adversaries and co-conspirators.

134.    As the proximate result of Defendant's actions or inactions, Hann's time, energy, sleep patterns and health have

were greatly and continuously impacted and harmed as a result of being lawlessly and wrongfully pursued and attacked by Defendants.

135.  Hann seeks hedonic damages for his significant loss of quality time, when he should be enjoying a peaceful retirement, and his necessarily intense involvement in overseeing and protecting his interests in those proceedings.

## RELIEF REQUESTED

136.  Hann hereby requests that this Honorable Court forthwith find and order that Defendants:

a)  Have violated Hann's federal, state and civil rights, and must pay Hann non-economic damages of at least $200,000, as determined by a competent jury, plus interest and costs:

b)  Must submit to a trial by a competently selected jury.

c)  Serve all processes and pleadings by receipted E-mail.

Dated this 8th of April, 2020.

_____
Gary S. Hann, Plaintiff

33

Gary Hann
PO Box 711
Cathedral City, CA 92235





U.S. POSTAGE PAID
FCM LG ENV
CATHEDRAL CITY CA
92234
APR 08, 20
AMOUNT

$2.40
R2305M144635-1

1000          92501



RECEIVED
CLERK, U.S. DISTRICT COURT

APR 10

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION          BY DEPUTY

CLERK

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

3420 TWELFTH STREET

RIVERSIDE, CA

92501

RE: COMPLAINT FILING